David Laffoon, FACHE, Director Division of Behavioral Health Services DBHS Administration Building
305 South Palm Street Little Rock, Arkansas 72205
Dear Mr. Laffoon:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq.
(Repl. 2002 Supp. 2009), of a proposed interlocal agreement between the Arkansas Department of Human Services, Division of Behavioral Health Services, Research and Training Institute and the University of Arkansas for Medical Sciences. You have submitted copies of the proposed agreement, the terms of which provide for the parties' joint operation and support of specific undertakings that are in keeping with the mission of the Behavioral Health Research and Training Institute. This office has in the past approved various materially indistinguishable interlocal agreements between the proposed parties. See Ops. Att'y Gen. Nos. 2009-114, 2007-202, 2005-134, 2003-378 and 99-341.
The Interlocal Cooperation Act, A.C.A. §§ 25-20-101 through-108, provides for cooperative enterprises between or among "public agencies" — a term defined as including any "[a]gency of the state government." A.C.A. § 25-20-103(1)(C) (Supp. 2009). In my opinion, this designation would clearly apply to both parties to the proposed agreement.
The Act requires that interlocal agreements for joint or cooperative action specify the following items:
 (1) The duration of the agreement;
 (2) The purposes of the agreement; *Page 2 
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
 (5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c) (Supp. 2009).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d) (Supp. 2009).
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state.
Having analyzed the agreement you have submitted, I find that it meets the above-outlined requirements of the law and is therefore in proper form and accords with state law. Accordingly, it is hereby approved as submitted.
I must note, however, that you have apparently inadvertently misstated the term of the agreement, which is recited as running "from July 1, 2009 through June 30, 2011." You state in your cover letter that you intend the agreement to run from July 1, 2011 through June 30, 2013. I assume you will correct this technical error in the final draft of the agreement. *Page 3 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL Attorney General
DM/JHD:cyh *Page 1